**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1005**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

KARAPET SHIMSHIRYAN,

                                    Claimant - Appellant,

        and

ONE 1998 TRACTOR, VIN1XKTDB9XXW17579; ONE
TRACTOR TRAILER, VIN1UYUS248XVU1614,

                                    Defendants.

---

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. James P. Jones, District Judge.
(CA-03-33-1)

---

Submitted: September 29, 2004          Decided: December 7, 2004

---

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for
Appellant. John L. Brownlee, United States Attorney, R. Lucas

Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Karapet Shimshiryan appeals the district court's order forfeiting his interest in the tractor portion of a tractor-trailer vehicle to the Government. Because we conclude that the forfeiture is not grossly disproportional to Shimshiryan's crime, we affirm.

Shimshiryan does not contest that the tractor was an instrumentality of his possession and transport of contraband cigarettes and is therefore forfeitable, but argues that forfeiture of the tractor is excessive under the Eighth Amendment. He asserts that his crime is similar to the currency reporting offense committed by the defendant in United States v. Bajakajian, 524 U.S. 321 (1998), and that the forfeiture of his tractor is similarly unconstitutional. We review a district court's determination that a forfeiture is not excessive under the Eighth Amendment de novo. Bajakajian, 524 U.S. at 336-37. To determine if a forfeiture is excessive, we "compare the forfeiture to the gravity of the offense giving rise to the forfeiture." 18 U.S.C. § 983(g)(2) (2000). If the amount of the forfeiture is grossly disproportional to the gravity of the offense, it is unconstitutional. Bajakajian, 524 U.S. at 333. The party challenging the forfeiture bears the burden of demonstrating that it is excessive. United States v. Ahmad, 213 F.3d 805, 813 (4th Cir. 2000); 18 U.S.C. § 983(g)(3) (2000).

We have conducted the required de novo review of the evidence before the district court and conclude that the district

court correctly found that forfeiture of the tractor was not grossly disproportional to Shimshiryan's crime. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED