**UNITED STATES of America**

v.

**Harold DEGREGORY, Defendant.**

**No. 05–60201–CR.**

United States District Court,
S.D. Florida.

July 25, 2006.

Lynn Dena Rosenthal, United States Attorney's Office, Fort Lauderdale, FL, Thomas Austin Watts-Fitzgerald, United States Attorney's Office, Miami, FL, Mark Lester, United States Attorney's Office, West Palm Beach, FL, for United States of America.

## PRELIMINARY ORDER OF FORFEITURE

JORDAN, District Judge.

THIS CAUSE is before the Court upon request of the United States for entry of a preliminary order of forfeiture forfeiting two aircraft. The government is seeking forfeiture of a 1969 Piper Navajo, Registration No. N748CE based upon the jury's verdict that defendant, Harold DeGregory, imported Iridium 192 into the United States in violation of Title 49, United States Code, Section 46312 and therefore the 1969 Piper Navajo is forfeit to the United States pursuant to Title 22, United States Code, Section 401.

 Forfeiture of the 1968 Piper Navajo Model Registration No. N21KA, is sought based upon the jury's verdict that the defendant exported Iridium 192 from the United States in violation of Title 49, United States Code, Section 46312 and therefore the 1968 Piper Navajo is forfeit to the United States pursuant to Title 19, United States Code, Section 1595a.[1] It is undisputed by the parties that both air-

---

1. Although the government neglected to allege forfeiture pursuant to 1595a in the indictment, the defendant was aware of the government's intent to forfeit both aircraft based upon their use to illegally import and export Iridium 92. The defendant had the opportunity and vigorously defended against the forfeiture *United States v. Diaz,* 190 F.3d 1247 (11th Cir.1999).

craft are forfeitable. However, the defendant has opposed the forfeitures arguing that the forfeiture of both of his aircraft would violate the Eighth Amendment prohibition against excessive fines.

## I. FACTS

Based on the evidence presented at trial and the evidence and testimony presented at the post-trial forfeiture hearings, I find that the testimony of the government's appraiser, Mr. Zachary M. Adam, and his written appraisal, to be credible and persuasive. I have considered the arguments that the value of aircraft like these may have a higher value in the market to a seller, because they are no longer being made, and because they are just not otherwise available. I've also taken into account and considered the insurance estimates that Mr. DeGregory used when valuing the aircraft in which he valued the planes together at approximately $125,000 and the testimony of the defense expert William H. Peck. I have also taken into account depreciation of the aircraft and the incomplete logbooks. Based upon all of these factors I find that each aircraft is worth approximately $75,000.

## II. Analysis

■■■ It is defendant's burden to prove that a forfeiture is constitutionally excessive by demonstrating that the forfeiture of the two seized aircraft is grossly disproportional to the gravity of his offenses *United States v. Bajakajian,* 524 U.S. 321, 334, 118 S.Ct. 2028, 2036, 141 L.Ed.2d 314 (1998); *United States v. 817 N.E. 29th Drive, Wilton Manors, Florida,* 175 F.3d 1304 (11th Cir.1999); *United States v. One Parcel,* 214 F.3d 1291, 1295 (11th Cir. 2000). In evaluating whether the defendant has met his burden I must measure the proportionality of the forfeiture to the crimes for which he was convicted. However, "... if the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional ... [I]f the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive." *Wilton Manors,* 175 F.3d at 1309–10; *But cf. United States v. One 1997 Ford Expedition,* 135 F.Supp.2d 1142 (D.N.M.2001) (maximum fine provided by guidelines is preferable for use in proportionality analysis).

■■■ In applying the *Wilton Manors* methodology, I have compared the $150,000 value of the two aircraft to the maximum $500,000 statutory and $60,000 guideline fines authorized for count III and Count V, and I do not find that the defendant has established that the forfeiture is grossly disproportionate to these offenses. *United States v. Wallace,* 389 F.3d 483 (5th Cir.2004) (Citing *Wilton Manors,* the court ruled that the forfeiture of a Cessna airplane where the predecessor version of the violated statute carried a fine half the value of the aircraft was not grossly disproportionate to the crime committed).

Additional factors have been discussed by courts in analyzing proportionality. In addition to penalties, courts have considered the nature and extent of the criminal activity, its relation to other crimes, and the harm caused. *United States v. One 1998 Tractor,* 288 F.Supp.2d 710, 715 (W.D.Va.2003), *aff'd.* 117 Fed.Appx. 863 (4th Cir.2004) (transporting contraband cigarettes); *United States v. One 1997 Ford Expedition,* 135 F.Supp.2d 1142 (D.N.M.2001) (transporting counterfeit currency). *High Star Toys Inc. v. United States,* 32 Fed.Cl 176 (1994)(importing hazardous toys). In this case, the defendant willfully transported Iridium 92, a hazardous radioactive material, in and out of the United States. This is a dangerous crime

that must be distinguished from the mere reporting violation in *Bajakajian* which involved legitimately-earned currency that was intended for a lawful purpose.

Additionally, I have considered defense counsel's argument that his client will be deprived of his livelihood if his two aircraft are forfeited. I find the argument unconvincing. The evidence presented at the hearings in this matter demonstrated that the defendant's business has continued to operate despite the seizure of his aircraft. Even before the seizure of his aircraft, defendant was able to operate his business by leasing aircraft when his aircraft were unavailable.

I therefore ORDER that:

1. All right, title and interest of defendant Harold DeGregory in the 1969 Piper Navajo, Registration No. N748CE and the 1968 Piper Navajo Model Registration No. N21KA is hereby forfeited to the United States of America pursuant to Title 22, United States Code, Section 401 and Title 19, United States Code, Section 1595a.

2. The Department of Homeland Security, or any duly authorized law enforcement official, shall, as soon as practicable, seize and take custody of the property identified herein above as forfeited under this order pursuant to Title 21, United States Code, Section 853(g).

3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by Title 21, United States Code, Section 853(n)(6). The notice shall state that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States may provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

5. The United States is further authorized, pursuant to Title 21, United States Code, Section 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then pursuant to Title 21, United States Code, Section 853(n)(7), this Order shall be deemed a final order of forfeiture, and the Department of Homeland Security, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.