UNITED STATES of America, Plaintiff,

v.

**1999 FREIGHTLINER TRACTOR, VIN # 1FUYSSEB7XLA35268, and 2000 Great Dane Trailer, VIN # 1GRAA0623YW003502, Defendants.**

No. 1:10–cv–00032–JEG.

United States District Court, S.D. Iowa, Western Division.

April 14, 2011.

Stuart J. Dornan, Dornan Lustgarten & Troia PC, LLO, Omaha, NE, for Ramon Lopez–Disla.

Maureen McGuire, U.S. Attorney's Office, Des Moines, IA, for United States of America.

## ORDER

JAMES E. GRITZNER, District Judge.

This in rem action comes before the Court on a Motion for Summary Judgment by Plaintiff United States of America (the Government), pursuant to 21 U.S.C. § 881(a)(4) and the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983, for forfeiture of Defendant Property 1999 Freightliner Tractor, VIN # 1FUYSSEB7XLA35268 (the Tractor) and 2000 Great Dane Trailer, VIN # 1GRAA0623YW003502 (the Trailer). Claimant Ramon Lopez–Disla (Lopez) has filed a seized asset claim, asserting that the Trailer is not subject to forfeiture, and also on behalf of the Defendant property herein resists this motion. The parties have not requested a hearing on this motion,[1] and the Court finds that one is unnecessary. This matter is fully submitted and ready for disposition.

## I. SUMMARY OF MATERIAL FACTS [2]

On May 6, 2010, Iowa State Patrol Trooper Jerod Clyde (Trooper Clyde) stopped the Tractor and Trailer on Interstate 80 in Cass County, Iowa. Joaquin Reyes (Reyes) was driving the Tractor, and Lopez was a passenger. Reyes told Trooper Clyde that he and Lopez were driving a load of soap from Arizona to New York. Trooper Clyde reviewed the log book and concluded that it appeared that

1. Lopez did seek a hearing on his claim, specifically in regard to the Trailer alone, see ECF No. 1 and 8, par. 15; however, that claim is not finally adjudicated by this Order.

2. Lopez adopts the Government's statements of material fact, filed pursuant to Local Rule 56(a)(3), and no additional facts have been filed pursuant to Local Rule 56(b)(3). The Court views the facts in the light most favorable to the nonmoving party. *See Cooper v. Martin,* 634 F.3d 477, 479 (8th Cir.2011) (citing *Walker v. City of Pine Bluff,* 414 F.3d 989, 991 (8th Cir.2005)).

Reyes and Lopez had spent excessive time in Arizona.

Trooper Clyde requested and received consent to search the Tractor and Trailer and discovered fifty kilograms of cocaine inside two hidden compartments in the sleeping area of the Tractor. Lopez admitted that he knew the cocaine had been put in the compartments of the Tractor in Arizona but did not know to whom the cocaine was going to be delivered.

The Tractor and Trailer belonged to Lopez's company, Lopez Trucking, of Providence, Rhode Island. Before the stop on May 6, 2010, Lopez had hauled a legitimate load with the Tractor and Trailer to San Diego, California. Upon arrival in San Diego, Lopez was told to drive to Phoenix, which he did. In Phoenix, the cocaine Trooper Clyde discovered was loaded into the Tractor, and Lopez found a load of soap to haul back east in the Trailer.

On September 7, 2010, Lopez pled guilty to one count of possession with intent to deliver five kilograms or more of cocaine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A).

On October 18, 2010, the Government filed this in rem action for forfeiture of Defendant Property pursuant to 21 U.S.C. § 881(a)(4). On November 12, 2010, Lopez filed a seized asset claim, stating that he is the rightful owner of the Tractor and Trailer, that the Tractor and Trailer were obtained for the purpose of Lopez working as a truck driver to support his family, and that the Government should return the Trailer to him. On January 24, 2011, the Government filed this motion for summary judgment, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

## II. DISCUSSION

### A. Standard for Summary Judgment

"Summary judgment is proper when the evidence viewed in the light most favorable to the nonmoving party presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *W3i Mobile, LLC v. Westchester Fire Ins. Co.*, 632 F.3d 432, 436 (8th Cir. 2011) (quoting *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir.2009)); *see also* Fed.R.Civ.P. 56(a). "Material facts are those which might affect the outcome of the lawsuit. A dispute over an issue of fact is 'genuine' if there is sufficient evidence to allow a reasonable jury to find for the non-moving party on that issue." *Marksmeier v. Davie*, 622 F.3d 896, 899–900 (8th Cir.2010) (quoting *DuBose v. Kelly*, 187 F.3d 999, 1000–01 (8th Cir.1999)).

### B. Forfeiture

■ The Government proceeds pursuant to CAFRA, the specific statutory framework for civil asset forfeiture.

Under CAFRA, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). When the government claims that property is subject to forfeiture because it "was used to commit or facilitate the commission of a criminal offense," as in this case, CAFRA provides that "the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). The term "facilitate" encompasses "activity making the prohibited conduct less difficult or 'more or less free from obstruction or hindrance.'" *United States v. Premises Known as 3639–2nd St., N.E., Mpls., Minn.*, 869 F.2d 1093, 1096 (8th Cir.1989).

*United States v. Real Prop. Located at 3234 Wash. Ave., N. Minneapolis, Minn.,* 480 F.3d 841, 843 (8th Cir.2007). "[T]he summary judgment inquiry depends on the substantive evidentiary standard of proof that would apply at the trial on the merits. CAFRA shifted the burden of proof to the government. When the party with the burden of proof moves for summary judgment, the standard is more stringent." *Id.* at 844 (internal quotation marks and citations omitted). The Government may use circumstantial evidence to satisfy its burden of proof. *United States v. $84,615 in U.S. Currency,* 379 F.3d 496, 501 (8th Cir. 2004) (citing *United States v. Ten Thousand Seven Hundred Dollars and No Cents in U.S. Currency,* 258 F.3d 215, 224 n. 6 (3d Cir.2001)).

### 1. Forfeiture of the Tractor

■ In his seized asset claim, Lopez does not assert that the Tractor should be returned to him. Indeed Lopez admits in his Answer that the Tractor was used to facilitate the offense. Moreover, even in the absence of that admission, on the summary judgment record before the Court, the Government has met its burden of showing by a preponderance of the evidence that the Tractor is subject to forfeiture. The undisputed evidence shows that the cocaine was transported in the sleeper area of the Tractor, which substantially connects the Tractor to the criminal offense. 18 U.S.C. § 983(c)(3). Accordingly, the Court concludes that there are no genuine issues of material fact, and the Government is entitled to judgment as a matter of law for forfeiture of the Tractor.

### 2. Forfeiture of the Trailer

■ . Lopez argues that the Government is not entitled to judgment as a matter of

law because it has not established that the Trailer is subject to forfeiture. The Government argues that there are no genuine issues of material fact and that the facts establish the Government's right to forfeiture of the Trailer.

The Court must decide whether a trailer carrying a legitimate load and no drugs, but pulled by a tractor carrying drugs, is substantially connected to the crime of possession with intent to deliver those drugs. *See Real Prop. Located at 3234 Wash. Ave.,* 480 F.3d at 843. The Government argues that the Trailer need not have actually carried drugs and that the Trailer facilitated the crime because the Tractor and Trailer were "operating as one entity" and "[a] tractor by itself, *may* attract attention and would certainly require explanation in the event the tractor was stopped by law enforcement." Gov't Br. 6, ECF No. 10-1 (emphasis added). Thus, the Government concludes that the Trailer has a substantial connection to the crime because "the trailer and tractor together give the appearance of a legitimate trucking operation...." *Id.* at 8. Lopez counters that the mere attachment of the Trailer to the Tractor did not make the crime "less difficult or less free from obstruction or hindrance." Pl.'s Br. 1, ECF No. 11 (quoting *Real Prop. Located at 3234 Wash. Ave.,* 480 F.3d at 843).

*United States v. One 1998 Tractor, Etc.,* 288 F.Supp.2d 710, 711–12 (W.D.Va.2003) *aff'd by United States v. Shimshiryan,* 117 Fed.Appx. 863 (4th Cir.2004) (unpublished per curiam), is instructive on the issue in the present case. There, the driver-owner of the tractor and trailer had transported an illegal quantity of cigarettes in his tractor.[3] *Id.* After a bench trial, the court

---

**3.** Under 18 U.S.C. § 2342, it is a crime to knowingly transport contraband cigarettes in an aircraft, vehicle, or vessel. In 2003, in excess of 60,000 cigarettes, without evidence

of payment of applicable taxes, was defined as contraband. *See* 18 U.S.C. § 2341(2) (Pub.L. No. 109–177, § 121(a)(1) replaced "60,000 cigarettes" with "10,000 cigarettes" in 2006).

concluded that the tractor and trailer were not a single piece of property because they were purchased separately, had separate titles, and had separate VIN numbers. *Id.* at 713. The court then analyzed the argument that the trailer, separate from the tractor, "should still be subject to forfeiture because it provided the illegal activity with an air of legitimacy and this shielded it from the government's suspicion." *Id.* at 712. The *One 1998 Tractor* court rejected the government's argument, stating,

[W]hen the government seeks the forfeiture of property on the basis that it was substantially connected to the crime by shielding the illegal activity from public view, it must show "more" than that the property "tends to conceal" the crime. [*See United States v. Two Tracts of Real Property*, 998 F.2d 204, 212 (4th Cir. 1993).] Furthermore, proof of the owner's intent to use the property for the purpose of shielding his or her criminal activity qualifies as the something "more" required to establish a substantial connection. In this case, the government merely alleges that the trailer shielded the criminal activity from detection by creating the appearance that the claimant was engaged in a legitimate trucking business. Because the government has not provided any evidence indicating that [the claimant]'s trucking business was a sham, or that he operated it with the intent of concealing his criminal activity, it has not met its burden of proof. The government has failed to establish a substantial connection between the trailer and the offense, as required by CAFRA, and the trailer is not subject to forfeiture.

*Id.* at 714.

Likewise, on the summary judgment record currently before the Court, the Government has not provided any evidence that the trailer was purchased or used with the intent of shielding criminal activity, *see U.S. v. One 1993 Cadillac Seville Sts.*, No. WQ09202816, 2004 WL 1462243, at *5 (D.Md. June 7, 2004) ("It does not matter whether either car was actually used to transport drugs or money; use of the vehicles as decoys was a sufficient facilitation of the transport of controlled substances as to bring them within the forfeiture provisions of § 881(a)(4)."), or that the Tractor and Trailer are a single piece of property. While the record shows that the Tractor was purchased with money given to Lopez on the condition that Lopez transport drugs, no similar purchasing arrangement for the Trailer appears in the record. Viewed in the light most favorable to Lopez, the record indicates that, similar to *One 1998 Tractor*, Lopez hauled legitimate loads with the Trailer during both legs of his cross-country trip, and his business was not a sham, which is contrary to evidence that would qualify as something "more" to support the Government's assertion that the Trailer "tends to conceal" the crime. *See One 1998 Tractor*, 288 F.Supp.2d at 714.

In *United States v. $34,600.00 in U.S. Currency*, No. 8:06CV567, 2007 WL 3244081, at *5 (D.Neb. Nov. 1, 2007), the district court also considered whether a trailer, in which nothing of significance had been found in connection with the illegal activity, was subject to forfeiture. In that case, a highway patrol officer found money in concealed compartments in a tractor and, after a bench trial, the court found the money to be substantially connected to illegal drug activity. *Id.* at *6, *15. The court then found that the government had met its burden of proof for forfeiture of the trailer because, although nothing of significance was found in the trailer, the claimant's legitimate income was not sufficient to pay for the trailer, the expense for purchasing such a trailer was not reflected in the claimant's tax returns, and the claimant had not transferred the title into his name after allegedly paying for the

trailer. *Id.* at *16. Thus, the court concluded that the "trailer was substantially connected to drug trafficking." *Id.*

Here, the Government has not presented evidence similar to that in *$34,600.00 in U.S. Currency* to show that Lopez could not have purchased the trailer with legitimate income. As a tractor alone is a common sight on the interstate system, the Government's conclusory assertion that a lone tractor *"may* attract more attention," without anything in the record to support such an assertion, *see* Fed. R.Civ.P. 56(c)(1), is not sufficient to establish by a preponderance of evidence, as a matter of law, a substantial connection between the Trailer and the illegal activity in this case, *see Real Prop. Located at 3234 Wash. Ave.,* 480 F.3d at 843–44 (on summary judgment for forfeiture, a standard more stringent than preponderance of evidence applies to the moving party).[4] Thus, a fact question remains unresolved for the Government to establish that the Trailer had a substantial connection to the illegal activity.

Because the Government has not presented facts showing that Lopez's business was a sham, that the Trailer was used as a decoy to shield illegal activity, that Lopez could not have purchased the Trailer with legitimate income, or facts that would otherwise support its assertion that the Trailer made it easier to be involved in the crime, a genuine issue of material fact exists as to whether the Trailer was used to facilitate the commission of Lopez's criminal offense. *See id.* at 843. Therefore, the Government has not met its burden of establishing a substantial connection between the Trailer and the crime of possession with intent to distribute drugs and is not entitled to judgment as a matter of law for forfeiture of the Trailer.

## III. CONCLUSION

Based on the foregoing, Defendant Property 1999 Freightliner Tractor, VIN # 1FUYSSEB7XLA35268, is subject to forfeiture, while Defendant Property 2000 Great Dane Trailer, VIN # 1GRAA0623YW003502, is not subject to forfeiture at this time. Therefore, the Government's Motion for Summary Judgment (ECF No. 10) must be **granted** as to the forfeiture of the Tractor and **denied** as to forfeiture of the Trailer. The parties are directed to confer and contact the chambers of the undersigned to set the claim for trial.

**IT IS SO ORDERED.**

---

4. Although "a common sense view to the realities of normal life" informs the Court's evaluation of the evidence, *United States v. Four Parcels of Real Prop. in Ala.,* 941 F.2d 1428, 1440 (11th Cir.1991) (quotation omitted), it is too great an inferential leap to conclude— without support in the record—that the Trailer had a substantial connection to the illegal activity here, *cf. Tlamka v. Serrell,* 244 F.3d 628, 632 (8th Cir.2001) (on summary-judgment, facts must be properly supported in the record).