# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3376

_____

Estate of David Eugene Morgan, Jr.,     *
                                    *

        Plaintiff - Appellant,     *
                                    *

                                    *    Appeal from the United States

       v.                           *    District Court for the

                                    *    Western District of Missouri.

John Edwin Cook, Police Officer;     *

John Degonia, Chief of Police,       *

Sedalia Missouri Police Department;   *

City of Sedalia,                    *

                                    *

       Defendants - Appellees.     *

_____

Submitted: April 19, 2012
Filed: July 10, 2012

_____

Before LOKEN and SHEPHERD, Circuit Judges, and GERRARD,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

Officer John Edwin Cook fatally shot David Eugene Morgan, Jr., after responding to a domestic disturbance at Morgan's residence in Sedalia, Missouri. Morgan's estate (the "Estate") sued Cook pursuant to 42 U.S.C. § 1983, alleging Cook used excessive force in violation of Morgan's Fourth Amendment rights. After

_____

[1] The Honorable John Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

the completion of discovery, the district court[2] granted Cook's motion for summary judgment, finding Cook was entitled to qualified immunity because his actions were objectively reasonable. The Estate now appeals. We affirm.

## I. Background

On June 30, 2007, Sedalia Police Officers John Cook and John Comfort were dispatched separately in response to a report of a domestic disturbance at Morgan's residence. Cook arrived at Morgan's house first and approached the residence on foot. Cook observed Morgan, who was alone on the front porch, walking toward some chairs on the right side of the porch. Morgan stumbled over one chair and fell into a recliner. Cook believed that Morgan was intoxicated based on Morgan's observed behavior as well as Cook's previous history of dealing with Morgan. Cook entered the fenced-in yard of the house, stopping six to twelve feet from the porch, which had no railing and was elevated approximately one foot off the ground.

After Cook stopped in front of the porch, Angeline Jackson came out the front door of the house. Jackson, who was Morgan's girlfriend and also a resident of the house, told Cook that Morgan had a knife. Cook observed Morgan attempting to conceal a kitchen-type knife in his right hand. Cook drew his gun and pointed it at Morgan. Cook told Jackson to go back into the house, and Jackson did so. Cook twice ordered Morgan to drop the knife. Morgan stood up, with the knife pointed downward and his arm at his side. Morgan then raised his right leg as if to take a step in Cook's direction. Cook fired one shot that hit Morgan in the chest. Morgan subsequently died.

---

[2] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

The Estate filed this action in state court alleging Officer Cook violated Morgan's right to be free from excessive force. The case was removed to federal court. When Cook moved for summary judgment on the basis of qualified immunity, the district court first denied the motion, finding that "[t]he facts show that a reasonable officer in Cook's position would not have used deadly force because there was no probable cause to believe that Morgan posed a significant and immediate threat of death or serious physical injury to the officer." (Dist. Ct. Order, Aug. 3, 2011, at 8.) The district court based this conclusion on its finding that "Morgan did not advance towards Cook, nor did he raise the knife." (Id.)

After Officer Cook filed a motion for reconsideration, the district court changed course and granted summary judgment in favor of Cook, finding Cook was entitled to qualified immunity. In doing so, the district court noted it had overlooked the Estate's admission that "[a]fter standing up, Morgan moved in the direction of Officer Cook." (Dist. Ct. Order, Sept. 30, 2011, at 2 & n.1, 2.) The court concluded a reasonable officer would have had probable cause to believe Morgan posed a threat of serious, physical harm to either Cook or Jackson, and thus it was not constitutionally unreasonable for Cook to protect himself and Jackson by firing his weapon at Morgan. (Id. at 4.)

## II. Analysis

The Estate argues the district court erred in granting Officer Cook's motion for summary judgment based on qualified immunity. We review a district court's grant of summary judgment de novo, Moore v. Indehar, 514 F.3d 756, 758 (8th Cir. 2008), and we will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]t the summary judgment stage, the nonmoving party is given the benefit of all reasonable inferences." White v. McKinley, 519 F.3d 806, 813 (8th Cir. 2008).

"Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." Brown v. City of Golden Valley, 574 F.3d 491, 495 (8th Cir. 2009). Evaluating a claim of qualified immunity requires a "two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." Id. at 496. Cook's shooting of Morgan constituted a seizure under the Fourth Amendment, see Cole v. Bone, 993 F.2d 1328, 1332-33 (8th Cir. 1993); thus, our initial inquiry is whether the shooting amounted to a Fourth Amendment violation. In making that determination, we examine whether Cook's actions were "'objectively reasonable' in light of the facts and circumstances confronting [Cook], without regard to [Cook's] underlying intent or motivation." Nance v. Sammis, 586 F.3d 604, 610 (8th Cir. 2009) (citations omitted). "The reasonableness of an officer's use of force is evaluated by looking at the totality of the circumstances, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade by flight.'" Id. at 610 (quoting Brown, 574 F.3d at 496). "The use of deadly force is not constitutionally unreasonable if an officer has 'probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others.'" Id. (quoting Moore, 514 F.3d at 762).

The pertinent issue on appeal is whether Officer Cook had probable cause to believe that Morgan posed an immediate threat of serious physical harm to Cook or to Jackson.

The Estate argues the district court erred in its analysis. The Estate contends the "[m]ere[] lifting of one's foot off the ground beginning to take a step cannot and should not be viewed as creating an immediate threat to Cook." The Estate concedes that deadly force "could be found . . . reasonable if Cook's assertion that Morgan

-4-

lunged at him was credible," but the Estate points out that no eyewitness other than Cook supports the characterization that Morgan lunged toward Cook.

The Estate's argument that a genuine issue of material fact precludes summary judgment is misplaced. The district court viewed the evidence in the light most favorable to the Estate, agreeing the evidence showed that Morgan lifted his foot as if to take a step in the general direction of Officer Cook, not that Morgan lunged at Cook. Given the totality of the circumstances, however, the court did not err in concluding that Cook had probable cause to believe that Morgan posed a threat of imminent, substantial bodily injury to Cook. At the time of the shooting, Morgan was holding a knife in his hand and appeared to be trying to conceal it from Cook. The distance separating Cook and Morgan was minimal, totaling twelve feet at most. When Cook ordered Morgan to drop the knife, Morgan failed to comply. Instead Morgan stood up and moved toward Cook. Cook fired only one shot. Given all of these facts, we find that Cook's act of shooting Morgan was objectively reasonable.

The Estate argues Officer Cook's use of deadly force was unwarranted because Cook had non-lethal alternatives at his disposal, including: waiting for Officer Comfort to arrive; warning Morgan deadly force would be used if Morgan came any closer; using his baton to disarm Morgan or to keep him seated; using pepper spray; or retreating to a position outside the fence to await the arrival of backup. But our court has declined to second-guess whether alternative actions by police officers "might conceivably have been available." See Cole, 993 F.2d at 1334. "The Constitution . . . requires only that the seizure be objectively reasonable, not that the officer pursue the most prudent course of conduct as judged by 20/20 hindsight vision." Id. "It may appear, in the calm aftermath, that an officer could have taken a different course, but we do not hold the police to such a demanding standard." Gardner v. Buerger, 82 F.3d 248, 251 (8th Cir. 1996).

The Estate is correct that, where it is feasible, a police officer should give a warning that deadly force is going to be used. See Tennessee v. Garner, 471 U.S. 1, 11-12 (1985). But Officer Cook did not merely stand silent before shooting. To the contrary, the Estate concedes that after Cook drew his pistol, he "pointed it at Morgan [and ordered] Morgan to drop the knife anywhere from 2 to 15 times." Morgan should have been on notice from Cook's raising the gun and ordering Morgan to put the knife down that Morgan's escalation of the situation would result in the use of the firearm. Furthermore, because Cook was only six to twelve feet away from Morgan when Morgan moved toward Cook, Cook did not have time to utter a more specific warning ("Stop, or I'll shoot.") before firing.

The Estate also hints that Officer Cook should have evaluated Morgan's actions in a slightly different light given Morgan's high level of intoxication. But Morgan's intoxication does not alter our finding that Cook's use of deadly force was objectively reasonable. Cf. Hayek v. City of St. Paul, 488 F.3d 1049, 1055 (8th Cir. 2007) ("Even if William were mentally ill, and the officers knew it, William's mental state does not change the fact that he posed a deadly threat to the officers.").

## III. Conclusion

The district court did not err in its conclusion that Officer Cook's actions were objectively reasonable and therefore did not violate Morgan's Fourth Amendment rights. Cook was entitled to qualified immunity. We affirm.

_____