# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2906

_____

Neil S. Alper

*Plaintiff - Appellant*

v.

Gallup, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: January 25, 2013
Filed: February 28, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Neil Alper appeals the district court's[1] grant of summary judgment in favor of defendant Gallup, Inc. (Gallup). Alper alleged that Gallup failed to hire him for a

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

position in Bangkok, Thailand, because of his race (white) and national origin (United States) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII).

After careful consideration, *see Estate of Morgan v. Cook*, 686 F.3d 494, 496 (8th Cir. 2012) (appeals court reviews grant of summary judgment de novo), we conclude summary judgment was proper. The undisputed evidence showed that the position for which Alper applied included Thai citizenship as a qualification, and that Alper was not a Thai citizen; and Alper presented no evidence suggesting that the citizenship requirement was a pretext for national-origin discrimination. *See Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 91-92 (1973) (Title VII does not protect against citizenship discrimination; citizenship requirement is unlawful if it is pretext for national-origin discrimination); *Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006) (to show prima facie case in failure-to-hire action, plaintiff must show he is member of protected class, *was qualified for position*, was denied position, and employer hired someone outside protected class).

We also conclude the district court did not abuse its discretion by denying Alper's motions to compel discovery and to take a corporate deposition, or by granting summary judgment when it did. *See Pony Computer, Inc. v. Equus Computer Sys. of Mo., Inc.*, 162 F.3d 991, 996 (8th Cir. 1998) (standard of review; absent showing that discovery has been inadequate, "summary judgment is appropriate despite incomplete discovery"). Finally, we grant Gallup's motion to strike Alper's addendum submitted on appeal to the extent it raises new evidence and allegations, *see Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993) (generally appeals court cannot consider evidence not contained in record below), and deny as moot Alper's motion for an expedited decision.

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____