# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2432
_____

George A. Butler

*Plaintiff - Appellant*

v.

Sivyer Steel Corporation

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 21, 2013
Filed: May 8, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

George Butler appeals the district court's[1] adverse grant of summary judgment in his employment-discrimination action. After careful consideration, see Estate of Morgan v. Cook, 686 F.3d 494, 496 (8th Cir. 2012) (standard of review), we affirm.

Assuming Butler, an African American, stated a prima facie case of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., we conclude that his former employer, defendant Sivyer Steel Corporation (SSC), provided a legitimate, nondiscriminatory reason for discharging him: namely, Human Resource Manager Thomas Belowske determined after conducting an investigation that Butler had violated a particular shop rule by threatening to cause a coworker bodily harm and touching the coworker in a threatening way. The burden was then on Butler to show that SSC's proffered reason was pretextual. See Bone v. G4S Youth Servs., LLC, 686 F.3d 948, 954-55 (8th Cir. 2012) (upon assuming plaintiff stated prima facie case of discrimination, court looked to whether employer had proffered legitimate reason for employment action, and then whether plaintiff had shown that reason to be pretextual).

The summary judgment evidence revealed no other employee who was charged with violating the same rule but was not fired. See Wheeler v. Aventis Pharm., 360 F.3d 853, 858 (8th Cir. 2004) (for pretext showing, "employees are similarly situated only when they are involved in or accused of the same offense and are disciplined in different ways"). While Butler argues that Belowske's investigation was racially biased because Belowske believed the Caucasian coworker's version of events over Butler's version, the evidence also showed that Belowske fired Butler eleven months after hiring him--a circumstance giving rise to a strong inference that discrimination did not occur, see Arraleh v. Cnty. of Ramsey, 461 F.3d 967, 976 (8th Cir. 2006) (strong inference that no discrimination occurred exists when same actor hires and

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

fires employee in short time period). We therefore conclude that the evidence was insufficient to create a genuine question of material fact as to whether SSC's proffered reason for Butler's discharge was pretextual. See Lowe v. J.B. Hunt Transp., Inc., 963 F.2d 173, 174 (8th Cir. 1992) (same-actor inference merited summary judgment for defendant because plaintiff's evidence of pretext was "thin"). Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____