*583 KELLY, Circuit Judge.
Mary and Roger Lee sued Mathews Township, South Dakota, and three members of the Township Board of Supervisors—William Driscoll, Greg Albrecht, and William Albrecht (collectively, the individual defendants)—alleging claims under 42 U.S.C. § 1983 and state law. The defendants moved for dismissal and summary judgment, which the district court denied in part and granted in part. The individual defendants appeal the district court’s denial of summary judgment as to three § 1983 claims, arguing that they are entitled to qualified immunity. The plaintiffs, asserting pendent jurisdiction, cross-appeal the court’s order as to several other claims. We affirm in part and reverse in part.
I. Background
The Lees own land in Mathews Township, South Dakota. Rock Creek runs across them land through a natural waterway before meeting 219th Street. In 2011, Rock Creek ran under 219th Street, passing through an eight-foot culvert and a three-foot culvert. Flooding in 2011 washed out the culverts, and the Federal Emergency Management Agency (FEMA) awarded the Township a grant for the repair. The Lees believed that two nine-foot culverts would be necessary for adequate drainage, but that even a single nine-foot culvert would provide better drainage than the previous configuration of an eight-foot culvert and a three-foot culvert. In the Lees’ understanding, the Township planned to build a nine-foot culvert under 219th Street. However, after the culvert was installed, they discovered it was only eight feet in diameter.
The Lees attended a meeting of the Township Board of Supervisors and voiced concerns about the culvert project. The meeting became heated, and the owner of the building asked all in attendance to leave. The Township Board held several additional meetings regarding the project, but many of the meetings were closed to the public. At the time, Mary Lee was the Township Board Clerk—an elected position—but was excluded from all non-public Township Board meetings about the culvert project. According to the Lees, the Township Board decided to install an additional, three-foot culvert under 219th Street and to refund leftover grant money to FEMA without holding public meetings. The Township Board was later reprimanded for violating South Dakota open meeting laws by a state administrative body.
The Lees sued the defendants pursuant to 42 U.S.C. § 1983, alleging Fourteenth Amendment due process violations, Fourteenth Amendment equal protection violations, First Amendment free speech, association, and retaliation violations, and a Fifth Amendment taking without just compensation. Théy also brought state-law claims, alleging conversion, deceit, and a taking without just compensation in violation of the South Dakota Constitution.
The defendants moved for dismissal and summary judgment on the plaintiffs’ claims. In part, the individual defendants argued they were entitled to summary judgment on the § 1983 claims based on qualified immunity. The district court granted summary judgment in favor of Mathews Township and the individual defendants in their official capacities as to all claims; granted summary judgment to the individual defendants in their individual capacities as to the due process, equal protection, free speech, and conversion claims; and dismissed the federal and state takings claims. It also dismissed the Lees’ claims for future flooding damages, declaratory judgment, and injunctive relief. However, the district court denied summary judgment to the individual defen *584 dants in their individual capacities as to the Lees’ First Amendment retaliation and petition claims, Mary Lee’s First Amendment , association claim, and the Lees’ state-law deceit claim.
The individual defendants appeal the district court’s denial of summary judgment as to the retaliation, association, and petition claims, arguing that they are entitled to qualified immunity. The plaintiffs cross-appeal, arguing that the district court erred in dismissing their claims for declaratory relief and injunctive relief; in granting summary judgment to Mathews Township and the individual defendants in their official capacities; and in granting summary judgment to the individual defendants in their individual capacities as to their due process, equal protection, and free speech claims.
II. Discussion
A. Individual defendants’ appeal
We have jurisdiction over interlocutory appeals of a district court’s denial of qualified immunity as long as the appeal is not based on whether there is a genuine dispute of material fact. White v. McKinley, 519 F.3d 806, 812 (8th Cir. 2008). “We review de novo the district court’s denial of qualified immunity.” Id. at 813. “In determining whether an officer is entitled to qualified immunity, we ask (1) “whether, taking the facts in the light most favorable to the injured party, the alleged facts demonstrate that the official’s conduct violated a constitutional right’; and (2) whether the asserted constitutional right is clearly established.” Wallingford v. Olson, 592 F.3d 888, 892 (8th Cir. 2010) (quoting White, 519 F.3d at 813).
1. First Amendment retaliation
The district court concluded that the facts viewed in the light most favorable to the plaintiffs establish that the individual defendants retaliated against the plaintiffs for exercising their First Amendment ■rights. It explained that “the Lees engaged in First Amendment-protected activity when they publicly criticized the township board’s decision-making and handling of FEMA funds, and when Mary Lee filed a complaint for violation of the state’s open meeting laws,” and that there was evidence that those activities motivated the defendants to exclude the Lees from Township Board meetings by closing them to the public.
The individual defendants argue that the district court erred in denying qualified immunity to them on this claim because it failed to consider whether excluding someone from a meeting would deter a person of ordinary firmness from continuing to exercise their First Amendment rights. See Scheffler v. Molin, 743 F.3d 619, 621 (8th Cir. 2014) (to establish a First Amendment retaliation claim, the plaintiff must show “that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity”). However, the defendants did not raise this ordinary-firmness argument before the district court, either in their briefs or at the hearing on their motion for dismissal and summary judgment. Accordingly, we decline to address it for the first time on appeal. See Shanklin v. Fitzgerald, 397 F.3d 596, 601 (8th Cir. 2005) (“Absent exceptional circumstances, we cannot consider issues not raised in the district court.”).[1] Because the individual *585 defendants make no other argument in support of their appeal of the retaliation claim, we affirm the district’s court denial of qualified immunity as to this claim.
2. First Amendment association
The district court determined that the facts viewed in the light most favorable to the plaintiffs establish that the individual defendants violated Mary Lee’s right to freedom of association because there was evidence that they excluded her from Township Board meetings despite her elected role as Township Board Clerk. In reaching this conclusion, the district court relied on Peeper v. Callaway County Ambulance District, 122 F.3d 619 (8th Cir. 1997), in which we held that restrictions on an elected official’s ability to perform her duties violate her right to freedom of association unless the restrictions are rationally related to a legitimate state interest. Id. at 623. The district court noted questions of fact as to whether Mary Lee’s exclusion from the meetings was rationally related to a legitimate state interest, and accordingly denied summary judgment.
The individual defendants contend that the district court erred in concluding Mary Lee had a clearly established constitutional right to perform her duties. They argue that Peeper is distinguishable, because although Township Board Clerk is an elected position, it entails only “ministerial” duties like taking meeting minutes, and does not involve voting or otherwise participating in the Township Board’s decision-making process. But Peeper makes no such distinction, and the individual defendants cite no authority suggesting this is a meaningful distinction in the context of the First Amendment right to freedom of association. Further, we note that even if Mary Lee’s responsibilities are properly characterized as “ministerial,” that does not necessarily remove them from the political realm; voters may well have an interest in how and by whom records of government activities are kept. Accordingly, we decline to read into Peeper the limitation the individual defendants propose, and affirm the district court’s denial of qualified immunity as to this claim.
3. First Amendment petition
The district court concluded that the facts taken in the light most favorable to the Lees establish that the individual defendants violated the Lees’ First Amendment right to petition by preventing the Lees from communicating their concerns about the culvert repairs.
The defendants argue that this was error because being excluded from non-public board meetings is not a violation of the First Amendment right to petition. We agree. When the government holds meetings that are open to public participation, excluding particular members of the public may violate the First Amendment. See City of Madison v. Wisc. Emp’t Relations Comm’n, 429 U.S. 167, 175-76, 97 S.Ct. 421, 50 L.Ed.2d 376 (1976). But the same is not true for government meetings that are not public, because “[n]othing in the First Amendment or in this Court’s case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals’ communications on public issues.” Minn. State Bd. for Cmty. Colls. v. Knight, 465 U.S. 271, 285, 104 S.Ct. 1058, 79 L.Ed.2d 299 (1984). Because there is no First Amendment right to participate in a *586 non-public government meeting as a member of the public,[2] we reverse the district court’s denial of qualified immunity as to this claim.
B. Plaintiffs’ cross-appeal
Asserting pendent appellate jurisdiction, the Lees cross-appeal the district court’s order on the grounds that: (1) the Township and the individual defendants are liable to the Lees in their official capacities; (2) the Lees were deprived of due process when the defendants made decisions that affected their land without providing notice or hearing; (3) the Lees’ equal protections rights were violated because the Township provides better road maintenance services to other residents; (4) the Lees had a free speech right to participate in Township Board meetings; and (5) the Lees are entitled to seek a declaratory judgment and injunction to prevent future unlawful action by Mathews Township or its elected board members.
Exercising pendent appellate jurisdiction is permissible only “where the otherwise nonappealable decision is inextricably intertwined with the appealable decision, or where review of the nonap-pealable decision is necessary to ensure meaningful review of the appealable one.” Kincade v. City of Blue Springs, 64 F.3d 389, 394 (8th Cir. 1995) (internal quotations omitted) (quoting Moore v. City of Wynnewood, 57 F.3d 924, 930 (10th Cir. 1995)). “A pendent appellate claim can be regarded as inextricably intertwined with a properly reviewable claim on collateral appeal only if the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal— that is, when the appellate resolution of the collateral appeal necessarily resolves the pendent claim as well.” Id. (alteration omitted) (quoting Moore, 57 F.3d at 930).
Only one of the issues raised in the cross-appeal is inextricably intertwined with an issue raised in the main appeal: whether the plaintiffs had a clearly established right under the First Amendment free-speech clause to participate in nonpublic Township Board meetings. Because we have already concluded there is no First Amendment right to participate in a non-public government meeting as a member of the public, we affirm the district court’s grant of summary judgment as to that claim. We dismiss the remainder of the Lees’ cross-appeal for lack of jurisdiction.
III. Conclusion
With the exception of their appeal of the district court’s grant of summary judgment as to their free-speech claim, we dismiss the plaintiffs’ cross-appeal. We reverse the district court’s denial of qualified immunity for the individual defendants with respect to the Lees’ § 1983 claim based on the First Amendment right to petition, and remand the matter for further proceedings. We affirm the district court’s order in all other respects.

. Furthermore, even if the individual defendants had properly preserved the issue of whether their actions were sufficient to chill a person of ordinary firmness from engaging in First Amendment-protected activity, we doubt that we would have jurisdiction to review it at this stage of the proceedings. See White, 519 F.3d at 812-13 (“This court does not have *585 jurisdiction to consider an interlocutory summary-judgment qualified-immunity appeal if 'at the heart of the argument is a dispute of fact.' ” (alteration omitted) (quoting Pace v. City of Des Moines, 201 F.3d 1050, 1053 (8th Cir. 2000))).

. To the extent the Lees raise this issue, we further note that unlike in the context of the First Amendment right to free association, an elected official has no First Amendment petition or free-speech right to participate in nonpublic government meetings in her official capacity. See Peeper, 122 F.3d at 623 n.4 (explaining that an elected official’s free-speech rights are not implicated when her ability to perform her duties is limited, but she can still “express her opinions ... as any other citizen may under the First Amendment's free speech guarantee”).