# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1429

_____

Tim Axelson, ADC #97108

*Plaintiff - Appellee*

v.

Randall Watson, Warden, Varner Unit; Moses Jackson, Assistant Warden, Varner
Unit; Floria Washington, Classification Officer, Varner Unit (originally named as
F. Washington); Kennie Bolden, Major/Chief of Security, Varner Unit

*Defendants - Appellants*

Ashlee Shabazz, Sergeant, 8 Bks Varner Unite (originally named as Shabazz);
Mark Stephens, Captain, Varner Unit (originally named as Stephens)

*Defendant*s

William Conner, Captain, Varner Unit (originally named as Conner); Telicia
Mothershed, Officer, Varner Unit (originally named as Mothershed)

*Defendants - Appellants*

Jane Doe, Grievance Officer, Varner Unit; John Does, Officers 1-6, Varner Unit;
Myheisia Jones, Corporal; Travis Goins, Officer; Larry Louis, Officer; Gary
Williams, Officer

*Defendant*s

John Rogers, Officer

*Defendant - Appellant*

Deborah Andrews, Corporal; Chester Rayford, Officer; Shondreka Cooper, Corporal; James Plummer; Freddie L. Gibson, Sergeant (originally named as Gibson)

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: December 7, 2018
Filed: December 28, 2018
[Unpublished]

_____

Before KELLY, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Arkansas inmate Tim Axelson sued several Arkansas Department of Correction (ADC) Varner Unit officials, claiming that they failed to protect him from attacks by other inmates. Defendants appeal the district court's[1] interlocutory order denying their motion for summary judgment based on qualified immunity, arguing that the district court erred in considering affidavits by other Varner inmates; concluding there were genuine factual disputes as to whether Varner was adequately staffed, given the unit's accreditation by the American

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth M. Deere, United States Magistrate Judge for the Eastern District of Arkansas.

Correctional Association (ACA); and declining to distinguish the facts of this case from those in *Krein v. Norris*, 309 F.3d 487 (8th Cir. 2002).

In an appeal from an interlocutory order[2] denying qualified immunity, this Court's jurisdiction is limited to reviewing abstract issues of law, which include whether the district court erred in relying on inadmissible evidence, *see Jones v. McNeese*, 746 F.3d 887, 899 (8th Cir. 2014); and whether the facts the district court found properly supported at summary judgment constituted a violation of a clearly established constitutional right, *see Shannon v. Koehler*, 616 F.3d 855, 860-62 (8th Cir. 2010). However, this Court lacks jurisdiction over an interlocutory order denying qualified immunity when the denial was premised on the district court's finding of a material factual dispute. *See Raines v. Counseling Assocs., Inc.*, 883 F.3d 1071, 1074 (8th Cir. 2018). This Court reviews the district court's qualified immunity determination de novo, viewing the record in the light most favorable to Axelson, drawing all reasonable inferences in his favor, and accepting as true the facts the district court found sufficiently supported, to the extent they are not blatantly contradicted by the record. *See Thompson v. City of Monticello*, 894 F.3d 993, 997-98 (8th Cir. 2018)*; Shannon*, 616 F.3d at 861-62.

Initially, we conclude that the district court permissibly relied on the inmate affidavits. *See* Fed. R. Civ. P. 56(c)(4) (requirements for affidavits submitted in opposition to motion for summary judgment); Fed. R. Evid. 401 (defining relevant evidence); *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (to prevail on failure-to-protect claim, inmate must show that there was substantial risk of harm to inmate, and that prison official was deliberately indifferent to that risk).

---

[2]Although the order on appeal is interlocutory, we treat it as a final decision under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). As a result, the defendants' appeal was timely.

We further conclude that this Court lacks jurisdiction to review defendants' challenge to the district court's determination that there was a "dispute of material fact as to the staffing conditions at the times Axelson was attacked," as that determination was not plainly foreclosed by the evidence in the record. *See Raines,* 883 F.3d at 1074 (this Court lacks jurisdiction when denial of qualified immunity was premised on district court's determination of material factual dispute, unless determination was plainly foreclosed by record). We also note that Varner's ACA accreditation and purported compliance with ACA's minimum standards did not establish, as a matter of law, that the unit was staffed according to the requirements of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 543 n.27 (1979) (while ACA's recommendations may be instructive, "they simply do not establish the constitutional minima").

Finally, we conclude that the district court correctly declined to distinguish *Krein* because the facts the court found sufficiently supported — if credited by a trier of fact — could support a reasonable inference that defendants were deliberately indifferent to a substantial risk of harm to Axelson. *See Krein*, 309 F.3d at 489-92 (defendants were not entitled to qualified immunity where record showed that prison had one guard for 150 inmates in three barracks, defendants should have been aware of inadequate staffing yet made no staffing changes, level of violence in barracks was five times that of any other barracks, ADC failed to maintain records of assaults, and defendants' failure to abide by staffing requirements created environment that posed risk of harm to all inmates in prison barracks); *see also Smith v. Ark. Dep't of Corr.*, 103 F.3d 637, 644-45 (8th Cir. 1996) (Eighth Amendment requires prison officials to take reasonable steps to protect inmates from violence by fellow inmates); *cf. Patterson*, 902 F.3d at 852-53 (distinguishing *Krein* where record lacked evidence justifying inference that defendants subjectively disregarded substantial risk of harm to inmate).

Accordingly, we dismiss this appeal to the extent defendants challenge the district court's finding of a material factual dispute, and affirm in all other respects.

_____