# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3234

_____

Ismael Paul Martinez

*Plaintiff - Appellee*

v.

Larry Norris, Director, Arkansas Department of Correction; Wendy Kelley,
Director, Arkansas Department of Correction; James Gibson, Warden, ADC, Delta
Unit; Shamone McPhadden, Classification Officer, ADC, Delta Unit; Larry
Manning, Lieutenant, ADC, Delta Unit

*Defendant*s

Toni Perry, Sergeant, ADC, Delta Unit (originally named as T. Perry); Ladarius
Williams, Corporal, ADC, Delta Unit (originally named as Williams); S. Baker,
Trainee Officer, ADC, Delta Unit

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: December 13, 2018
Filed: February 8, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Ismael Paul Martinez brought this 42 U.S.C. § 1983 action against several Arkansas Department of Correction (ADC) officials, claiming that they had failed to protect him from an attack by another inmate. The ADC officials appeal the district court's[1] interlocutory order denying their motion for summary judgment based on qualified immunity. They argue that the district court erred in relying on inadmissible evidence, misstating the law, and concluding that disputed material facts precluded entry of summary judgment based on qualified immunity. For the reasons set forth below, we dismiss the appeal.

According to Martinez, he and several other inmates housed on two different levels in ADC Delta Unit were attacked by a fellow inmate shortly after lights out on December 8, 2014. The attacks spanned approximately fifteen minutes. Martinez was attacked after he attempted to assist his fellow inmate, Ronnie Chapman, who had been injured by the attacker. Martinez, who is disabled, was struck on the head and side, thrown to the floor, and kicked in the back. He claims that the attacks occurred in full view of the prison guards, who did nothing.

Our jurisdiction over an interlocutory order denying qualified immunity is limited to reviewing abstract issues of law. See, e.g., Jones v. McNeese, 746 F.3d 887, 899 (8th Cir. 2014) (reviewing admissibility of evidence); Shannon v. Koehler, 616 F.3d 855, 860-62 (8th Cir. 2010) (reviewing whether summary judgment facts established a violation of a clearly established constitutional right). We review *de novo* the district court's qualified immunity determination, viewing the record in the light most favorable to Martinez, drawing all reasonable inferences in his favor, and accepting as true those facts that the district court found to be sufficiently supported, to the extent they are not blatantly contradicted by the record. See Thompson v. City

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

of Monticello, 894 F.3d 993, 997-98 (8th Cir. 2018); Shannon, 616 F.3d at 861-62. We conclude that the district court's denial of qualified immunity based on a finding of disputed material facts deprives us of jurisdiction to consider the order. See Raines v. Counseling Assocs., Inc., 883 F.3d 1071, 1074 (8th Cir. 2018).

The district court permissibly relied on inmate Chapman's excerpted deposition testimony submitted by the ADC officials with their summary judgment motion. See Jones, 746 F.3d at 899 (requiring admissible evidence to defeat summary judgment). While the ADC officials now contend that Chapman's statements constituted inadmissible speculation, they reflected Chapman's firsthand observations from the night of the event and were therefore admissible. See Fed. R. Evid. 401 (defining relevant evidence); 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony."). Further, the district court did not abuse its discretion by thereafter denying the ADC officials' motion to amend the judgment by supplementing the record with the already-possessed evidence they had originally chosen not to submit. See Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact . . . the court may . . . give an opportunity to properly support or address the fact.").

We agree with the ADC officials that the district court misstated the applicable legal standard by ruling that Chapman's deposition constituted "evidence from which a jury could conclude that Defendants objectively should have known of the substantial risk of harm to Martinez." D. Ct. Order of Sept. 11, 2017, at 3; see Jensen v. Clarke, 94 F.3d 1191, 1195 (8th Cir. 1996) (requiring "actual knowledge on the part of prison officials"). We conclude that the error was harmless, for the district court found that Chapman's deposition testimony alleged facts that, if credited by a trier of fact, could support a reasonable inference that the ADC officials knew of a substantial risk of harm to Martinez. See Krein v. Norris, 309 F.3d 487, 491 (8th Cir. 2002) ("[P]laintiff's evidence at the summary judgment stage supported the allegations that, at the time he was attacked by Pruett, defendants objectively and

subjectively knew of . . . an excessive risk of harm."); <u>Cohrs v. Norris</u>, 210 F.3d 378 (8th Cir. 2000) (unpublished table decision) ("[I]t appears that Johnson, from the safety of the control booth, witnessed the twenty-five-minute fight and did nothing."). Likewise, Chapman's deposition testimony could support a reasonable inference that the ADC officials were deliberately indifferent to the risk to Martinez by failing to intervene in time to prevent his injuries. <u>See</u> <u>Krein</u>, 309 F.3d at 491 ("[Plaintiff's claim] arises from plaintiff's substantiated allegation that defendants were deliberately indifferent to a known substantial risk that such an attack would occur. The district court therefore did not err in declining to grant summary judgment under our 'surprise attack' line of cases."); <u>cf.</u> <u>Tucker v. Evans</u>, 276 F.3d 999, 1002 (8th Cir. 2002) ("[B]y the time Daniels knew something was wrong, the fight was already over. Therefore . . . Daniels would not have been able to intervene in time to rescue Tucker.").

Deprived as we are of jurisdiction by the existence of disputed material facts, we dismiss the appeal.

_____