# United States Court of Appeals

### For the Eighth Circuit

_____

Nos. 17-3268, 18-1620

_____

Andrew Layton Schlafly, in his official capacity as both a Director and Member of the Eagle Forum

*Plaintiff - Appellant*

v.

Eagle Forum, a Foreign Nonprofit Corporation; Eunie Smith, in her official capacity as First Vice President of Eagle Forum; Cathie Adams, in her official capacity as Second Vice President of Eagle Forum; Rosina Kovar, in her official capacity as At-Large Director of Eagle Forum; Carolyn McLarty, in her official capacity as Director of Eagle Forum

*Defendants - Appellees*

_____

Appeals from United States District Court
for the Eastern District of Missouri - Eastern Division

_____

Submitted: December 11, 2018
Filed: June 17, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Andrew Schlafly, a member of the board of directors of Eagle Forum, a Missouri nonprofit corporation, sued Eagle Forum and several of its individual officers and directors for alleged violations of the organization's bylaws as well as alleged breach of fiduciary duties in connection with the attempt to remove Schlafly and other directors from the Board. Schlafly filed a motion captioned "Emergency Motion By Plaintiff for a Temporary Restraining Order and Preliminary Injunction." The district court construed the motion as one for a temporary restraining order ("TRO") only, denied the motion, and sanctioned Schlafly by requiring him to pay Eagle Forum's cost to defend against the motion. Schlafly appeals the denial of the motion and the sanction.

We conclude we lack jurisdiction to adjudicate this appeal. This court is authorized to hear interlocutory appeals of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292. This jurisdiction, however, only allows interlocutory appeals of orders denying preliminary or permanent injunctions; not denials of TROs. *Cantrell v. Norris*, 319 F. App'x 442, 442 (8th Cir. 2008) (unpublished); *In re Champion*, 895 F.2d 490, 492 (8th Cir. 1990). And a hearing, such as held by the district court, does not automatically convert a motion for a TRO into a motion for a preliminary injunction. 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3922.1 (3d ed. 2019) ("If the order and procedure unambiguously involve temporary restraint, the bare fact that a substantial hearing was provided should not justify appeal."). While Schlafly's motion used the term "preliminary injunction," we agree with the district court that it was a request for a TRO to prevent Eagle Forum from holding a scheduled meeting or taking certain immediate actions Schlafly believed were improper. The motion requested the district court "enter the proposed Temporary Restraining Order against Defendant, and all its officers and directors, until such time as the Court can convene a hearing on Plaintiff's request for a preliminary injunction." The proposed order also was limited in time until a preliminary injunction hearing would be held. While it was clear Schlafly would later

seek a preliminary injunction, the substance of this particular motion only concerned a TRO.

The sanction order is similarly not appealable in this case. As of the date of submission, it was not yet a final decision under 28 U.S.C. § 1291.[1] Even if we had appellate jurisdiction over the TRO, the sanction order would still be unreviewable because it is not "inextricably intertwined" with the denial of the TRO. *See Lee v. Driscoll*, 871 F.3d 581, 586 (8th Cir. 2017).

Accordingly, we dismiss both appeals for lack of appellate jurisdiction.

————————————————

[1]We note proceedings in the district court were not stayed and the final judgment is now pending before this court in No. 19-2174. Our decision on the interlocutory appeal of the sanction order is without prejudice to our review of the sanction order in the pending appeal from the final judgment.