# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-3129

———————————————

Johnnie Campbell; Keithen D. Pettus; Joseph P. Williams

*Plaintiffs - Appellees*

v.

Christopher Johannes, Individually and in his official capacities

*Defendant - Appellant*

City of Little Rock, A Municipal Corporation and Public Body Corporate and Politic; Stuart Thomas, In his official capacity as Chief of Police, Little Rock Police Department; Kenton Buckner, In his official capacity as Chief of Police, Little Rock Police Department; Park Plaza Mall CMBS LLC; ERMC II LP; Trista Simmons; Sara Hawkins; John Does, 1 - 10; John Doe Corporation, 4 - 5

*Defendant*s

———————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

———————————

Submitted: September 23, 2019
Filed: September 26, 2019
[Unpublished]

———————————

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

———————————

PER CURIAM.

In this 42 U.S.C. § 1983 action, Johnnie Campbell, Keithen Pettus, and Joseph Williams sued City of Little Rock police officer Christopher Johannes, claiming that he violated their Fourth Amendment rights by using excessive force against them. Johannes appeals the district court's[1] interlocutory order denying him summary judgment based on qualified immunity.

In an appeal from an interlocutory order denying qualified immunity, this court's jurisdiction is limited to reviewing abstract issues of law, which include whether the district court erred in relying on inadmissible evidence, see Jones v. McNeese, 746 F.3d 887, 899 (8th Cir. 2014); and whether the conduct the district court found properly supported at summary judgment constituted a violation of a clearly established constitutional right, see Shannon v. Koehler, 616 F.3d 855, 860-62 (8th Cir. 2010). This court lacks jurisdiction over an interlocutory order denying qualified immunity, however, when the denial was premised on the district court's finding of a material factual dispute. See Raines v. Counseling Assocs., Inc., 883 F.3d 1071, 1074 (8th Cir. 2018). This court reviews the district court's qualified immunity determination de novo, viewing the record in the light most favorable to Plaintiffs, drawing all reasonable inferences in their favor, and accepting as true the facts the district court found adequately supported, to the extent they are not blatantly contradicted by the record. See Shannon, 616 F.3d at 861-62.

We first conclude that the district court did not abuse its discretion by declining to accept certain facts in Johannes's statement of facts as undisputed based on Plaintiffs' failure to support their denial of those facts with specific citations to the summary judgment record, given that Plaintiffs submitted evidence showing the

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

existence of genuine factual disputes. See Fed. R. Civ. P. 56(c)(1) (as relevant, party asserting fact is genuinely disputed must support assertion by citing to particular parts of materials in record or by showing materials cited do not establish absence of genuine dispute), (e)(2) (if party fails to properly address another party's assertion of fact as required by Rule 56(c), court may consider that fact undisputed for purposes of ruling on summary judgment motion), advisory committee's note to 2010 amendment (Rule 56(e)(2) authorizes district court to consider fact undisputed when Rule 56(c)'s response requirements are not met, but court may choose not to consider fact undisputed, particularly if it knows of record materials that show grounds for genuine dispute); cf. United States v. Findett Corp., 220 F.3d 842, 848 n.5 (8th Cir. 2000) (reviewing for abuse of discretion district court's decision to accept facts based on party's failure to cite to record in summary judgment response). We also conclude that the district court did not err in considering, as part of Plaintiffs' submission, Johannes's statement made in the course of an internal-investigation into the incident. See Fed. R. Civ. P. 56(c)(1)(A) (party opposing summary judgment may show that fact is genuinely disputed by citing to admissions); Eliserio v. United Steelworkers of Am. Local 310, 398 F.3d 1071, 1078 (8th Cir. 2005) (party-opponent admissions should be considered at summary judgment).

Next, we conclude that this court lacks jurisdiction over Johannes's argument that, had the district court accepted his assertions as to the evidence properly before the court, the summary judgment record would have foreclosed the finding of material factual disputes. See Thompson v. Murray, 800 F.3d 979, 984 (8th Cir. 2015) (dismissing appeal for lack of jurisdiction because defendants' arguments about denial of qualified immunity were premised on facts district court had not likely assumed at summary judgment and essentially challenged determination that there were genuine disputes of material fact).

Finally, we conclude that, in December 2011, when the incident occurred, it was clearly established that Plaintiffs could not be apprehended by deadly force

unless they posed a threat of serious physical harm. <u>See</u> <u>id.</u> at 983-84 (officer may not use deadly force against fleeing suspect unless suspect poses immediate and significant threat of serious injury or death to officer or to bystanders; this general standard can be sufficient to clearly establish fleeing suspect's rights in case whether they have obviously been infringed); <u>Nance v. Sammis</u>, 586 F.3d 604, 611 (8th Cir. 2009) ("Existing case law would have made it sufficiently clear that a suspect cannot be apprehended by use of deadly force unless that individual poses a threat of serious physical harm."); <u>Craighead v. Lee</u>, 399 F.3d 954, 963 (8th Cir. 2005) (collecting cases that had police officers on notice that they may not use deadly force where suspect does not present immediate threat of serious physical injury).

Accordingly, we dismiss this appeal to the extent Johannes challenges the district court's finding of a material factual dispute, and affirm in all other respects.

_____